NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMEN L. WILLIAMS a/k/a CARMEN JACKSON,<br><br>     **Plaintiff,**<br><br>  v.<br><br>KAZTRONIX, et al.<br><br>     **Defendants.** | Civil Action No. 13-652 (ES)<br><br>**OPINION** |

S̲A̲L̲A̲S̲, D̲I̲S̲T̲R̲I̲C̲T̲ J̲U̲D̲G̲E̲

## I. INTRODUCTION

Pending before this Court are two motions to dismiss *pro se* Plaintiff Carmen L. Williams's ("Plaintiff") Complaint (D.E. No. 1, Plaintiff's Complaint ("Compl.")). Pursuant to Fed. R. of Civ. P. 12(b)(6), Defendants LifeCell and Kaztronix have each moved for dismissal of Plaintiff's Complaint. (*See* D.E. Nos. 14, 15). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Due to the common issues of law and facts presented therein, the Court will simultaneously address both motions. The Court has considered the parties' submissions in support of and in opposition to the instant motions, and decides the matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the following reasons, Defendants' motions are GRANTED.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On January 30, 2013, Plaintiff initiated this action pursuant to Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2(a), alleging that she was discriminated against on the basis of her race when the job offer she received (and accepted) from Defendant LifeCell was rescinded. (Compl. ¶ 9). Plaintiff was introduced to LifeCell via Defendant Kaztronix, a personnel staffing company. (D.E. No. 14-1, LifeCell's Moving Brief ("LifeCell Mov. Br.") at 2). Within three days of being interviewed for the position of Contract Administrator/Data Entry Clerk, Plaintiff was offered and accepted said position. (Compl. ¶ 9). Thereafter, Plaintiff "completed the new employee packet" which included a drug test, which Plaintiff passed, and a criminal background check that revealed that Plaintiff had a felony conviction. (*Id.*). Plaintiff alleges that on April 29, 2010, she was discriminated against, on the basis of her race, when LifeCell rescinded the job offer due to her felony conviction. (D.E. No. 15-3, Ex. B, Plaintiff's Charge of Discrimination ("Charge")).

On or about August 17, 2011, Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*). On October 23, 2012, the EEOC sent Plaintiff a letter and a Dismissal and Notice of Rights form explaining that, based on its investigation of Plaintiff's allegations, the EEOC was "unable to conclude that the information establishes a violation of federal law on the part of [LifeCell]." (D.E. No. 1-1, EEOC Dismissal and Notice of Rights to Sue Correspondence). The letter further explained that Plaintiff "may only pursue this matter by filing suit within 90 days of receipt of said notice. Otherwise, [Plaintiff's] right to sue will be lost." (*Id.*). Plaintiff states that she received the aforementioned EEOC letter and Notice of Right to Sue on October 25, 2012. (Compl. ¶ 8). Plaintiff filed her Complaint on January 30, 2013, ninety-seven (97) days after receipt of the right to sue notice from

the EEOC. (*Id.*). Defendants LifeCell and Kaztronix filed their respective motions to dismiss on August 22, 2013 and August 23, 2013. On September 9, 2013, Plaintiff filed her opposition to Defendants' motions.[1]

### III.   LEGAL STANDARD

#### A.   Motion to Dismiss

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). In assessing the sufficiency of a complaint, "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

While a court deciding a motion to dismiss is required to accept the allegations in the complaint as true, that requirement is inapplicable to legal conclusions and the bare recital of the elements of a cause of action that are supported only by conclusory statements. *Iqbal*, 556 U.S. at 678. Additionally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly

---

[1] Defendant LifeCell points out in its moving brief that Plaintiff's opposition was due on September 3, 2013 but was not filed until September 11, 2013. (*See* LifeCell Mov. Br. at 5). Plaintiff submitted a letter to this Court on September 3, 2013, stating, "I understand the Reply (opposition) Papers are due on or before September 9, 2013 and I will have them submitted before the deadline set by the court." (D.E. No. 16, Plaintiff's September 3, 2013 Letter Regarding Her Opposition). Plaintiff did in fact file her opposition on September 9, 2013. (*See* D.E. No. 18, Plaintiff's Opposition). Given Plaintiff's status as a *pro se* litigant, the Court views her September 3, 2013 letter as a good faith attempt to timely file her opposition papers and as a request for an extension of time to file her opposition, which this Court has granted. Therefore, the timeliness of the filing of Plaintiff's opposition is a non-issue and the Court will consider all of the parties' submissions in deciding the instant motions.

authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011).

## IV. DISCUSSION

Defendants argue that Plaintiff's claim of racial discrimination should be dismissed because Plaintiff failed to file her Complaint within ninety days of her receipt of the right to sue notice from the EEOC, thereby rendering Plaintiff's claim time-barred. (LifeCell Mov. Br. at 3; D.E. No. 15-5, Kaztronix's Moving Brief ("Kaztronix Mov. Br.") at 5). Plaintiff opposes Defendants' motions, arguing:

> [T]he complaint was filed within the 90 days from receipt of the Right to Sue notice. Enclosed is the letter I addressed to the court upon filing my complaint indicating I was within the timeframe and had been affected by Hurricane Sandy to some degree along with many others. The Right to Sue letter shows the mailing of the letter on October 23, 2013, Hurricane Sandy hit October 25, 2013. After contacting my local post office I was advised the employees left early and the facility closed early on the day of the hurricane and completely closed 2-3 days after, making the next mail delivery date October 30, 2012. [sic][2]

(D.E. No. 19, Plaintiff's Opposition to Defendants' Motions ("Pl. Opp.") at 1). Here, Plaintiff appears to argue that Hurricane Sandy caused a delay in her mail being delivered and presumably a delay in her receipt of the right to sue notice. Despite stating clearly and unequivocally in her Complaint that she received the right to sue notice on October 25, 2012, (*see* Compl. at 2), Plaintiff implies in her opposition that she did not receive the right to sue notice until October 30, 2012. (Pl. Opp. at 1). However, despite the discrepancy between her Complaint and her arguments made in opposition to the instant motions, Plaintiff fails to state exactly when she received the right to

---

[2] To the extent that Plaintiff states that the right to sue notice was mailed on "October 23, 2013" and that Hurricane Sandy hit on "October 25, 2013," the Court views Plaintiff's reference to '2013' as a typographical error and interprets the dates as being October 23, 2012 and October 25, 2012, respectively.

4

sue notice.³ Additionally, by stating that "if there were a request for equitable tolling, the response to the first legal argument (quoted above) would be sufficient," Plaintiff appears to argue that the ninety-day requirement for filing the instant action should be tolled because "Hurricane Sandy affected the majority of the state in many different ways which is why . . . the court made allowances and adjustments accordingly." (*Id.*). It is worth noting that the letter Plaintiff refers to in her opposition, quoted above, states:

> Attached is my paperwork to bring suit against the above-referenced companies after receiving my "Right to Sue" letter from the Equal Employment Opportunity Commission (EEOC). I was a little unclear about the 90 day time frame, if it is business days, I am well within the time frame, calendar days I may be a few days over but I was hoping the court would take into account the after effects of Hurricane Sandy and the fall-out from it as I was out of power and out of work for a week or so. [sic]

(D.E. No. 1-4, Plaintiff's Cover Letter Submitted with Her Complaint ("Pl. Cover Ltr.")).⁴ Here, Plaintiff does not allege facts that contradict the averment in her Complaint that she received the right to sue notice on October 25, 2012. Instead, Plaintiff's cover letter indicates that she was uncertain as to how the ninety-day period is calculated (business days versus calendar days). Additionally, Plaintiff acknowledges that if the ninety-day time frame is calculated via calendar

---

³ The Court notes that in suggesting that Hurricane Sandy caused a delay of the delivery of the right to sue notice to on or about October 30, 2012, Plaintiff did not submit any supporting documents or other evidence in support of this claim. This Court also notes that numerous news reports, public records, etc. including an Order signed by the Hon. Jerome B. Simandle, the Chief Judge of this District Court have recorded that Hurricane Sandy touched land in New Jersey on October 29, 2012. (*See* D.E. 14-3, November 1, 2012 Standing Order- Re: Hurricane Emergency).

⁴ Because Plaintiff's cover letter was submitted contemporaneous with her Complaint and recognizing Plaintiff's lack of legal expertise, pursuant to *Mayer*, the Court views the factual averments in Plaintiff's cover letter as part of her complaint. However, to the extent that Plaintiff's opposition asserts new and/or different facts from those in her Complaint, the attached cover letter and other exhibits attached thereto, the Court is precluded from considering these different/additional facts in deciding the instant motion. *See Mayer*, 605 F.3d at 230.

days (as it is calculated)[5] that she "may be a few days over" but that she was hopeful that the Court would consider the fact that she was without power and out of work as a result of Hurricane Sandy.

### a. Plaintiff's Claim Is Time-barred

Preliminarily, it is well established that a plaintiff bringing a claim under Title VII must adhere to specific administrative procedures before he or she may bring any civil action in court. *See Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 469-470 (3d Cir. 2001); s*ee also Garcia v. Hanwha Solarone USA, Inc.*, No. 12-6666, 2013 WL 3043479, at *2 (D.N.J. June 17, 2013) ("It is well-settled that before a plaintiff may bring an action under Title VII, a complainant must comply with the procedural requirements set forth in 42 U.S.C. § 2000e–5."). Specifically, a plaintiff bringing a private action pursuant to Title VII must do so within ninety days of receipt of the right to sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The ninety-day period for filing a private action after receiving a right to sue letter is treated as a statute of limitations issue and is strictly construed. *See Burgh*, 251 F.3d at 470; *see also Carter v. Potter*, 258 F. App'x 475, 470 (3d Cir. 2007). The Third Circuit has strictly construed this requirement and has held that a complaint filed "even one day beyond the ninety day window is untimely and may be dismissed absent an equitable reason for disregarding this statutory requirement." *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999).

In her Complaint, Plaintiff stated that she received the right to sue notice from the EEOC on October 25, 2012. (Compl. ¶ 8). Consequently, ninety days from that date was January 23, 2013, which was the latest date by which Plaintiff could have timely filed her Complaint.

---

[5] Fed. R. of Civ. P. 6(a), which governs the procedure for calculating all time periods, states: "The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time . . . When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

Plaintiff's Complaint was filed on January 30, 2013, seven days after the ninety-day period for filing; therefore, Plaintiff's claim is time-barred and her Complaint must be dismissed.

### b. Equitable Tolling Is Not Warranted

To the extent Plaintiff argues that the statute of limitations created by the ninety-day filing rule should be tolled due to Hurricane Sandy, the Court now addresses Plaintiff's equitable tolling argument. In her opposition, Plaintiff implies—but does not state explicitly—that as a result of Hurricane Sandy, she did not receive the right to sue notice until on or about October 30, 2012, thereby suggesting that the statute of limitations should be tolled. (*See* Pl. Opp. at 1). Defendants argue that the doctrine of equitable tolling is inapplicable because the Plaintiff has not met her burden of demonstrating that equitable tolling is warranted in the instant case. (LifeCell Mov. Br. at 6; Kaztronix Mov. Br. at 5).

The United States Supreme Court identified four situations in which the doctrine of equitable tolling may apply: 1) where a claimant has received inadequate notice; 2) where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; 3) where the court has led the plaintiff to believe that she had done everything required of her; and 4) where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984). Additionally, the Third Circuit has articulated additional circumstances when equitable tolling may apply, such as when the plaintiff "in some extraordinary way" was prevented from asserting her rights or when the plaintiff timely asserted her rights in the wrong forum. *Seitzinger v. Reading Hosp. and Medical Center*, 165 F.3d 236, 240 (3d Cir. 1999) (citing *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir. 1998)); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir.1994) (stating that time limits set forth in Title VII are analogous to statutes of limitations

7

and are subject to equitable modifications). Although the Supreme Court and this Circuit have recognized the equitable tolling doctrine, courts have been very circumspect in applying it, preferring to "exercise caution in using the doctrine" and "emphasizing the importance of adhering to the EEOC's ninety-day filing period." *Steitzinger*, 165 F.3d at 240.

This Court agrees with the Defendants that the instant circumstances do not merit application of the equitable tolling doctrine. First, the record indicates that the Plaintiff received the right to sue notice on October 25, 2012, (*see* Compl. ¶ 8), was aware of the ninety-day filing requirement, (*see* Pl. Cover Ltr.), and was aware that the filing of her Complaint was outside of the ninety-day filing period, as calculated by calendar days. (*Id.*). To the extent that Plaintiff may have been unclear as to how the ninety-day filing period is calculated, her uncertainty was not the result of the EEOC's, this Court's or Defendants' actions or representations. Consequently, because the Plaintiff received the right to sue notice on October 25, 2012 and has not articulated any "extraordinary circumstances" that caused her to be unclear about when the ninety-day filing period expired, Plaintiff has failed to carry her burden of demonstrating that the equitable tolling doctrine is applicable.

Further, with respect to the argument Plaintiff makes in her opposition where she suggests that due to Hurricane Sandy, she did not receive the right to sue notice until on or about October 30, 2012, Plaintiff's argument fails for the following two reasons: First, in her opposition, Plaintiff introduced facts that are contradictory to the facts presented in her Complaint. As discussed, *supra*, the Court is not generally permitted to consider additional facts presented in a party's briefs that are not contained in the party's complaint and/or exhibits attached thereto. *See Mayer*, 605 F.3d at 230. Consequently, the Court is bound by the facts contained in Plaintiff's Complaint, her cover

letter and the supporting documents submitted with her Complaint, which includes the various EEOC documents associated with Plaintiff's EEOC Complaint.

Secondly, to the extent that the equitable principles that undergird the equitable tolling doctrine permit this Court to consider Plaintiff's argument that her receipt of the right to sue notice was delayed because of Hurricane Sandy, Plaintiff has failed to provide any credible evidence to support this assertion. As such, the issue of when, as a matter of law, Plaintiff received the right to sue notice is controlled by the principle articulated by the Third Circuit in *Seitzinger*, which established that absent evidence of when a plaintiff received a right to sue notice, "courts will presume that a plaintiff received her right to sue letter three days after the EEOC mailed it." *Seitzinger*, 165 F.3d at 236; *see also* Fed R. Civ. P. 6(d) (when a party may or must act within a specified time after service and service is made . . . three days are added after the period would otherwise expire under Rule 6(a)). Applying this principle, Plaintiff is presumed to have received the right to sue notice on October 26, 2012 (three days after the right to sue notice was mailed),[6] which would still make the Plaintiff's filing of her Complaint on January 30, 2013, six days beyond the ninety-day filing deadline (January 24, 2013).

In sum, Plaintiff has failed to provide evidence to support her contention that she received the right to sue notice on or after October 30, 2012. Thus, Plaintiff has not presented any compelling reason to justify the application of the equitable tolling doctrine in the instant case.

## V.     CONCLUSION

Because Plaintiff, having been properly notified by way of a right to sue notice of the ninety-day filing period in which she was required to file a private cause of action against the Defendants, filed her Complaint seven days after the expiration of the ninety-day filing period,

---

[6] The right to sue notice is dated October 23, 2012. (*See* D.E. No. 1-1).

Defendants' motions are hereby GRANTED. Additionally, the Court finds that any subsequent amendments would be futile, as Plaintiff's claims are time-barred. Thus, for the foregoing reasons, Plaintiff's Complaint is dismissed *with prejudice*.[7] An accompanying Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[7] Fed. R. Civ. P. 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires." However, no amendment should be permitted if an amendment would be futile. *See Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). The Court may prohibit leave to amend where the amended pleading would not survive a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).